1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    MAE-LIN MENDOZA,                        Case No.  21-cv-08632-TSH

8                    Plaintiff,
                                             **ORDER GRANTING MOTION TO**
9          v.                                **REMAND**

10   GREGORY J. YU,                          Re: Dkt. No. 7

11                   Defendant.

12

## I.    INTRODUCTION

Plaintiff Mae-Lin Mendoza moves for an order remanding this action to the San Mateo County Superior Court.  ECF No. 7.  Defendant Gregory J. Yu filed an Opposition (ECF No. 14) and Mendoza filed a Reply (ECF No. 19).  The Court finds this matter suitable for disposition without oral argument and **VACATES** the January 27, 2022 hearing.  *See* Civ. L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Mendoza's motion for the following reasons.[1]

## II.    BACKGROUND

On October 14, 2019, Mendoza and her mother, Grace Yu, signed the Living Support Plan for Mason Yu, Jr. with Mendoza's brother, Gregory Yu.  Compl. ¶ 1, ECF No. 1-1.  Pursuant to Paragraph 4 of the Living Support Plan, $350,000 was to be put into a Morgan Stanley account by Grace for the benefit of her son Mason.  *Id.* ¶ 2.  Mason was to receive $2,500 from October 2019 to September 2020, with increases of 2% each year thereafter.  *Id.*  To effectuate the terms of the Living Support Plan, Grace transferred $350,000 to the Morgan Stanley account, with title held by

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 3, 9.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Grace, Mae-Lin Mendoza and Gregory Yu as joint tenants.  *Id.* ¶ 3.

2       Grace passed away on March 17, 2021.  *Id.* ¶ 4.  At the time of her death, Grace, Mae-Lin

3  and Gregory were still listed as the joint tenants of an account at Morgan Stanley.  *Id.* ¶ 5.  After

4  the death of Grace, Morgan Stanley required Mae-Lin and Greg to open a new account, removing

5  Grace from title to the account.  *Id.* ¶ 6.  However, Gregory refused to complete the necessary

6  paperwork and the Morgan Stanley account was frozen.  *Id.*

7       On September 9, 2021, Mendoza filed this case in San Mateo County Superior Court,

8  alleging she has been unable to make the distributions to Mason because of Yu's refusal to

9  cooperate in creating a new account, and that she is unable to access the funds without Yu's

10  approval and consent.  *Id.* ¶ 7.  Mendoza requested the court: (1) confirm the Living Support Plan

11  is a valid Trust under California law; (2) instruct Yu to convey the Morgan Stanley account to her

12  as Trustee of the Living Support Plan; (3) find Yu liable for damages under California Probate

13  Code section 859; and (4) instruct Yu to pay her attorney's fees and costs.  *Id.* at 6.

14       On November 5, 2021, Yu removed the case to this Court based on diversity jurisdiction

15  under 28 U.S.C. § 1332, stating that Mendoza is a citizen of Texas and he is a citizen of

16  California.  Not. of Removal ¶ 5, ECF No. 1.  The notice includes a Notice and Acknowledgment

17  of Receipt of the complaint signed by Gregory J. Yu on October 8, 2021.  *Id.* at 15.

18       Mendoza filed the present motion on December 3, 2021, arguing that removal was

19  improper under 28 U.S.C. § 1441(b)(2), which provides that a case cannot be removed to federal

20  court by a defendant who is a citizen of the state in which the state court action is brought.

21  Mendoza also argues the case falls within the probate exception to federal jurisdiction.

## III.   LEGAL STANDARD

23       Federal courts are courts of limited jurisdiction and possess only that jurisdiction as

24  authorized by the Constitution and federal statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*,

25  511 U.S. 375, 377 (1994).  Under the diversity statute, 28 U.S.C. § 1332, a federal district court

26  has original jurisdiction when the parties are completely diverse and the amount in controversy

27  exceeds $75,000.  A defendant may remove an action to federal court if the diversity and amount

28  in controversy requirements are satisfied.  28 U.S.C. § 1441(a), (b).

United States District Court
Northern District of California

1   "If at any time before final judgment it appears that the district court lacks subject matter

2   jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The Ninth Circuit has held that

3   removal "should be construed narrowly in favor of remand to protect the jurisdiction of state

4   courts."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).  A federal court's

5   jurisdiction "must be rejected if there is any doubt as to the right of removal," and a "defendant

6   always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564,

7   566 (9th Cir. 1992).

8   ## IV.   DISCUSSION

9   ### A.   Forum Defendant Rule

10   Although the parties raise other arguments in their papers, the dispositive issue here is

11   whether the forum defendant rule requires remand.  28 U.S.C. § 1441(b)(2), often referred to as

12   the "forum defendant rule," limits a defendant's ability to remove a case by providing that "[a]

13   civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of

14   this title may not be removed if any of the parties in interest properly joined and served as

15   defendants is a citizen of the State in which such action is brought."  The Ninth Circuit has held

16   that this rule "confines removal on the basis of diversity jurisdiction to instances where no

17   defendant is a citizen of the forum state."  *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939-40

18   (9th Cir. 2006).  The rationale of the forum defendant rule is that "[r]emoval based on diversity

19   jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court"

20   and that "[t]he need for such protection is absent . . . in cases where the defendant is a citizen of

21   the state in which the case is brought."  *Id.* at 940.

22   Here, Yu states in his notice of removal that "[t]his is a civil action over which this Court

23   has original jurisdiction under 28 U.S.C. § 1332 . . . because it is a civil action between citizens of

24   different states," and that he is a citizen of California.  Not. of Removal ¶¶ 1, 3.  There is also no

25   dispute that Yu was properly served prior to removal, as the notice includes a Notice and

26   Acknowledgment of Receipt signed by Gregory J. Yu on October 8, 2021.  *Id.* at 15.  Thus, as Yu

27   is a citizen of the state in which the state court action was brought, § 1441(6)(2) appears to

28   prohibit him from removing this case to federal court.

Yu does not dispute that the forum defendant rule applies to this case.  Instead, he argues it is a "procedural technicality" and is a "waivable limitation" because a plaintiff must "proceed with a motion to remand if filed within 30 days of remand [sic]."  Opp'n at 5.  Yu correctly points out that the Ninth Circuit has held the forum defendant rule "procedural" rather than "jurisdictional," such that a violation of the rule is "a waivable defect in the removal process."  *Lively*, 456 F.3d at 935-36.  As a violation of the forum defendant rule thus represents a "defect other than lack of subject matter jurisdiction," a motion to remand based on the rule is subject, most notably, to the requirement in § 1447(c) that the motion "must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c); *see also Lively*, 456 F.3d at 939 (concluding that Congress, in § 1447(c), "sought to ensure that even the 'more substantive' removal defects, such as § 1441(b) violations, were subject to the 30-day time limit").  However, even taking Yu's argument at face value, Mendoza timely filed her motion with 30 days of removal and therefore did not waive her ability to remand this matter.  *See* ECF Nos. 1 (Notice of Removal, filed 11/5/2021); 7 (Mot., filed 12/3/2021).  Accordingly, under the plain language of § 1441(b)(2), removal was improper.

## B.    Attorney's Fees

Mendoza also moves for attorney's fees and costs in the amount of $3,428.26 for her efforts in opposing removal.  Mot. at 2, Doyle Decl. ¶¶ 9-12, ECF No. 7-1.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  District courts have wide discretion in deciding to award fees.  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.*

The Court can find no objectively reasonable basis for Yu to seek removal here, as it was clearly barred by the forum defendant rule.  Prior to filing the motion to remand, Mendoza's attorney reached out to Yu, informing him of the forum defendant rule and that his removal was improper.  Mendoza's attorney also advised Yu that if he did not stipulate to remand this case to

United States District Court
Northern District of California

state court, Mendoza would seek remand to state court and seek attorney's fees pursuant to 28 U.S.C. § 1447(c).  Doyle Decl., Ex. 1.  Despite being a licensed attorney,[2] Yu never responded to this correspondence.  Further, in his opposition, Yu does not present any authority as to why the forum defendant rule does not apply in this case.  Even though the rule is merely procedural and thus waivable, "it would flout the forum defendant rule if the Court were to condone in-state defendants baselessly removing to federal court in the hopes that a plaintiff will waive its right to remand.  Neither the removal statute nor this Court countenances such wasteful gambling." *Everest Sys. Co. v. Platinum Roofing, Inc.*, 2019 WL 3387951, at *2 (N.D. Cal. July 26, 2019) (granting motion to remand based on forum defendant rule and awarding attorney's fees); *see also Open Text Inc. v. Beasley*, 2021 WL 3261614, at *6-7 (N.D. Cal. July 30, 2021) (awarding attorney's fees where plaintiff made repeated efforts to have defendant voluntarily remand case by bringing the forum defendant rule to her attention, yet defendant "refused even to acknowledge the issue").  Accordingly, the Court finds an award of attorney's fees and costs is merited here.

Mendoza's attorney, John Doyle, worked 7.6 hours in connection with the notice of removal and motion to remand, at an hourly rate of $393.75, for a total of $2,992.50.  Doyle Decl. ¶¶ 4, 9.  The Court finds both the time and hourly rate reasonable.  *See Magnoliadrhomes LLC v. Kahn*, 2021 WL 3286830, at *3 (N.D. Cal. Aug. 2, 2021) (awarding $9,000 (12 hours @ $750/hour) for successful motion to remand based on forum defendant rule); *Everest*, 2019 WL 3387951, at *2 (granting motion to remand and awarding $2,800 (8 hours @ $350/hour)); *Open Text*, 2021 WL 3261614, at *7 (granting motion to remand and awarding $7,786.00).  Mendoza also seeks reimbursement for the work of Doyle's legal assistant, Allison V. Taylor, in the amount of $33.75 (0.3 hours @ $112.50/hour).  However, while Doyle states "I have been assisted in this matter" by Taylor, the billing records submitted in support of his declaration show that Taylor billed to: "Commence notice of motion to remand back to state court."  Doyle Decl. ¶ 10 & Ex. A.  The Court declines to award fees for this generalized billing entry.  Doyle also states he "anticipates incurring $402.00 to file this Motion," yet provides no record to support this amount.

---

[2] Gregory Yu has been an active member of the California State Bar since 1988.  *See* https://apps.calbar.ca.gov/attorney/Licensee/Detail/133955

The Court therefore declines to award fees for this anticipated cost.  Accordingly, the Court finds an award of $2,992.50 appropriate.

## V.    CONCLUSION

For the reasons given above, the Court **GRANTS** Plaintiff Mae-Lin Mendoza's motion to remand, as well as her request for attorney's fees in the amount of $2,992.50.  The Clerk of Court shall remand this case to the Superior Court of San Mateo County, California.

**IT IS SO ORDERED.**

Dated: January 3, 2022

THOMAS S. HIXSON
United States Magistrate Judge